UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUITABLE ADVISORS, LLC </br></br>      Plaintiff,</br></br>vs.</br></br>CHRISTOPER J. GORDON, individually and in his representative capacity as co-trustee of THE LINDA M. KAHN 2015 REVOCABLE TRUST, JO ANN WEINSTEIN, in her representative capacity as co-trustee of THE LINDA M. KAHN 2015 REVOCABLE TRUST, JASON REISCH, DANIEL REISCH, NAAMA ASHTAMKER, ALON MALICHI, and NAOR MALICHI</br></br>      Defendants. | Civil No. 1:22-cv-04990</br></br>Application DENIED without prejudice. Plaintiff may renew this motion after all Defendants have been served.</br></br>SO ORDERED:</br></br>*/s/ Vernon Broderick*  06/24/22</br>HON. VERNON S. BRODERICK</br>UNITED STATES DISTRICT JUDGE |

**MOTION FOR DEPOSIT OF INTERPLEADER FUNDS**
**WITH SUPPORTING BRIEF**

Plaintiff Equitable Advisors, LLC ("Equitable"), by and through its undersigned counsel, requests an Order, pursuant to 28 U.S.C. § 1335 and § 2361 and F.R.C.P. Rules 22 and 67 directing Equitable to deposit with the Clerk of this Court death benefit proceeds in the amount of $31,026.12 (the "Interpleader Funds"), plus applicable claim interest, if any, from Strategic Asset Management Account No. 3738-3710 ("Account 710") which are due as a result of the death of Linda Khan.[1]

In support of its Motion for Deposit of Interpleader Funds, Equitable states that this Court has jurisdiction under 28 U.S.C. § 1335 because the Defendants are of diverse citizenship and the

---

[1] Account 710 also includes various securities, the values of which are subject to market fluctuation and which, as of May 31, 2022, were valued at $483,807.34. The treatment of these assets during the pendency of this motion will be addressed in a separate motion.

amount in controversy exceeds $500.00. See 28 U.S.C. § 1335(a) (the "Interpleader Statute"); see also State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 530-31 (1967).

Statutory interpleader under § 1335 grants district courts original jurisdiction of a civil action in interpleader if three elements are satisfied: 1) the plaintiff is in possession of a single fund of over $500; 2) it has a reasonable fear of conflicting claims by parties of diverse citizenship, regardless of the merits of those competing claims; and 3) it is depositing the disputed fund with the court. MetLife Investors USA Insur. Co. v. Zeidman, 734 F. Supp. 2d 304, 314 (E.D.N.Y. 2010); see also Bache Halsey Stuart Shields Inc. v. Garmaise, 519 F. Supp. 682, 686 (S.D.N.Y. 1981) (holding that the Court had jurisdiction under § 1335 in interpleader action involving competing claims asserted by diverse claimants from New York and various foreign countries).

Here, the Defendants are domestic citizens of New York, Colorado, Virginia and Washington, D.C., and citizens of Israel and the amount of funds in controversy is $31,026.12[2], which exceeds the minimum requirement of $500.00 under the Interpleader Statute. Thus, subsection (a)(1) of the Interpleader Statute and the first two requirements are satisfied. See 28 U.S.C. § 1335(a)(1). Subsection (a)(2) of the Interpleader Statute requires that the funds at issue be deposited with the registry of the Court in order for the Court to have jurisdiction under the Statute. Id. § 1335(a)(2). Accordingly, Equitable seeks to deposit the cash in the amount of $31,026.12 in Account 710 with the registry of the Court pursuant to 28 U.S.C. § 1335(a)(2) so that the third requirement may be satisfied.[3]

Equitable also seeks an Order enjoining the claimants from instituting or prosecuting any other actions pursuant to 28 U.S.C. § 2361 Equitable also seeks an Order enjoining the claimants

---

[2] See supra. n. 1.

[3] Rules 22 and 67 of the Federal Rules of Civil Procedure also provide a basis for Equitable's motion to deposit.

from instituting or prosecuting any other actions pursuant to 28 U.S.C. § 2361 which gives federal courts authority to restrain claimants who are parties to a statutory interpleader action from bringing an additional proceeding affecting the property. See, e.g., District Attorney of N.Y. Cty. v. Republic of Philippines, 681 F. App'x 37, 40 (2d Cir. 2016) (explaining that injunctions under § 2361 are "essential to the district court's ability to preserve the status quo pending trial" (citations and internal quotations marks omitted)).

Therefore, pursuant to F.R.C.P. Rules 22 and 67 and 28 U.S.C. § 1335(a)(2), Equitable seeks an order directing it to deposit the Interpleader Funds with the Court.

Dated:  June 17, 2022

Respectfully submitted,

**d'ARCAMBAL OUSLEY & CUYLER BURK LLP**

 /s/ Kimberly A. O'Toole
Kimberly A. O'Toole
40 Fulton Street, Suite 1501
New York, NY 10038
T: (212) 971-3175
F: (212) 971-3176
kotoole@darcambal.com

*Attorneys for Plaintiff*
*Equitable Advisors, LLC*