UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EQUITABLE ADVISORS, LLC,

                              Plaintiff,

v.

CHRISTOPER J. GORDON, individually and in his
representative capacity as co-trustee of
THE LINDA M. KAHN 2015 REVOCABLE TRUST,
JO ANN WEINSTEIN, in her representative capacity as
co-trustee of THE LINDA M. KAHN 2015
REVOCABLE TRUST, JASON REISCH,
DANIEL REISCH, NAAMA ASHTAMKER,
ALON MALICHI, and NAOR MALICHI,

                              Defendants.
-------------------------------------------------------------------x
CHRISTOPHER J. GORDON,

                              Counterclaim-Plaintiff,

v.

EQUITABLE ADVISORS, LLC,

                              Counterclaim-Defendant.
-------------------------------------------------------------------x

1:22-CV-4990 (VSB)

ANSWER WITH
COUNTERCLAIMS

JURY TRIAL
DEMANDED

      Defendant and Counterclaim-Plaintiff Christopher J. Gordon, by his attorneys Albert

PLLC, for his answer to the complaint herein and for his counterclaims, alleges as follows:

**FIRST DEFENSE**

        1.      Admits the allegations contained in paragraph 1.

        2.      Admits the allegations contained in paragraph 2.

        3.      Admits the allegations contained in paragraph 3.

        4.      Admits the allegations contained in paragraph 4.

        5.      Admits the allegations contained in paragraph 5.

        6.      Admits the allegations contained in paragraph 6.

1

7. Admits the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18, except denies that the property at issue constitutes a "death benefit", denies that any purported beneficiary of the Trust has any justiciable interest to the property at issue, and states that Equitable's total liability may exceed the amount of the alleged "death benefit".

19. Admits the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20.

21. Denies the allegations contained in paragraph 21.

22. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 except admits that Equitable continues to hold the securities in Account 710.

23. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23, deny that the Trustees authorized Equitable to reverse the transfer, and admit that he was advised of Equitable's reversal.

24. Admits the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26.

27. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28.

29. Admits the allegations contained in paragraph 29, except lacks knowledge or information sufficient to form a belief as to Equitable's motivations.

30. Admit that the co-defendants have purportedly, and ineffectively, attempted to rescind their authorizations and that they are asserting claims to certain property, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31.

32. Lacks knowledge or information sufficient to form a belief as to the first sentence of paragraph 32. Denies the allegations contained in the second sentence of paragraph 32, because the only possible claimants to the property at issue are i) Christopher J. Gordon in his capacity as Executor of the Estate of Linda M. Kahn and ii) Christopher J. Gordon in his individual capacity, and all agree that the property in question should have been delivered to Christopher J. Gordon in his individual capacity, reflecting the instructions given by Linda M.

Kahn to Equitable on July 27, 2021, and because Equitable is independently liable to Gordon regardless of any liability that it may have to others.

33. Does not respond to paragraph 33, as it does not contain an allegation of fact or law.

34. Admits the allegations contained in paragraph 34 to the extent that it requests a determination by the Court, and denies the remaining allegations contained therein.

35. Does not respond to paragraph 35, as it does not contain an allegation of fact or law.

36. Admits the allegations contained in paragraph 36, except denies that there is any risk to the plaintiff of vexatious or harassing claims.

## SECOND DEFENSE

37. So much of Plaintiff's claim as seeks to excuse Plaintiff from liability, to discharge Plaintiff from liability upon deposit, to discharge Plaintiff's liability, or to compensate plaintiff for any attorneys' fees or costs is barred by the doctrine of unclean hands

## THIRD DEFENSE

38. So much of Plaintiff's claim as seeks to excuse Plaintiff from liability, to discharge Plaintiff from liability upon deposit, to discharge Plaintiff's liability, or to compensate plaintiff for any attorneys' fees or costs is barred by the doctrine of unclean hands

## FOURTH DEFENSE

39. So much of Plaintiff's claim as seeks to excuse Plaintiff from liability, to discharge Plaintiff from liability upon deposit, to discharge Plaintiff's liability, or to compensate plaintiff for any attorneys' fees or costs is barred by the doctrine of laches

**FIFTH DEFENSE**

40. So much of Plaintiff's claim as seeks to excuse Plaintiff from liability, to discharge Plaintiff from liability upon deposit, to discharge Plaintiff's liability, or to compensate plaintiff for any attorneys' fees or costs is barred by the doctrine of waiver.

**SIXTH DEFENSE**

41. So much of Plaintiff's claim as seeks to excuse Plaintiff from liability, to discharge Plaintiff from liability upon deposit, to discharge Plaintiff's liability, or to compensate plaintiff for any attorneys' fees or costs is barred by the doctrine of estoppel.

**SEVENTH DEFENSE**

42. So much of Plaintiff's claim as seeks to excuse Plaintiff from liability, to discharge Plaintiff from liability upon deposit, to discharge Plaintiff's liability, or to compensate plaintiff for any attorneys' fees or costs is barred by virtue of Plaintiff's own fault or culpable conduct in bringing about the events at issue.

**EIGHTH DEFENSE**

43. So much of Plaintiff's claim as seeks to excuse Plaintiff from liability, to discharge Plaintiff from liability upon deposit, to discharge Plaintiff's liability, or to compensate plaintiff for any attorneys' fees or costs is barred by virtue of Plaintiff's own negligent conduct in bringing about the events at issue.

**NINTH DEFENSE**

44. So much of Plaintiff's claim as seeks to excuse Plaintiff from liability, to discharge Plaintiff from liability upon deposit, to discharge Plaintiff's liability, or to compensate plaintiff for any attorneys' fees or costs is barred by virtue of Plaintiff's failure to mitigate its damages.

## TENTH DEFENSE

45. The complaint fails to state a claim upon which relief may be granted.

## COUNTERCLAIMS

### Parties

46. Counterclaim-plaintiff Christopher J. Gordon ("Gordon") is a citizen of the state of New York and asserts these counterclaims in two separate capacities: (i) as Executor of the Estate of Linda M. Kahn ("Kahn") and (ii) as an individual.

47. Upon information and belief, counterclaim-defendant Equitable Advisors, LLC ("Equitable") is a Delaware limited liability company whose principal place of business is in New York.

### Jurisdiction

48. This Court has jurisdiction over the counterclaims pursuant to Federal Rule of Civil Procedure 13 because they arise from the same transaction or occurrence that is the subject matter of the plaintiff's claim and pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) because the counterclaims are so related to the plaintiff's claim that they form part of the same case or controversy.

### Facts Common To All Counterclaims

49. Equitable is a registered investment advisor whose business includes advising individuals and trusts regarding financial investments, executing transactions in securities for its customers, and holding those securities for its customers.

50. Equitable carries out its business through its broker-dealer affiliate LPL Financial LLC, through other corporate affiliates, and through a staff of employees, contractors, and agents. One such agent is William Galvin ("Galvin"), who was designated by Equitable as its investment advisor representative.

51. Kahn created The Linda M. Kahn2015 Revocable Trust (the "Trust"). The trust instrument, as amended and restated on April 3, 2020, designated Kahn as sole trustee and designated her husband Christopher Gordon and her friend Jo Ann Weinstein as successor co-trustees to take office upon Linda Kahn's death.

52. At all times relevant to these counterclaims, Kahn, Gordon, and the Trust were customers of Equitable, pursuant to the written account agreements that each entered into when they opened the accounts described herein.

53. Each of the aforesaid account agreements was supported by consideration.

54. Each of Kahn, Gordon, and the Trust were ready, willing, and able to perform their obligations under their respective account agreements.

55. The Trust's assets, as of July 27, 2021, included securities and cash held in LPL Advisory Strategic Asset Management Account No. ending in -3710 (the "710 Account").

56. As part of Kahn's estate planning, Kahn determined to transfer assets that she controlled through the Trust and assets that she owned individually and held in an individually owned Equitable Account No. ending in -0824 (the "824 Account") to accounts that she jointly owned with Gordon.

57. Gordon accepted Kahn's proposal to take joint ownership of the proceeds of the sale of the contents of the 710 Account.

58. Kahn directed Equitable, through its representative Galvin, to take specific steps necessary to effectuate her estate plan.

59. First, acting in her individual capacity, Kahn directed Equitable to immediately add Gordon as a joint owner of the 824 Account.

60. Second, acting in her individual capacity, Kahn directed Equitable to immediately liquidate $30,000 worth of securities from the 824 Account and to then transfer the proceeds to an external bank account that Kahn owned jointly with Gordon.

61. Third, acting in her capacity as sole trustee of the Trust, Kahn directed Equitable to immediately sell all of the securities in the 710 Account and deliver the proceeds to a designated bank account that was jointly owned by Kahn and Gordon.

62. Equitable agreed to carry out all of the three foregoing directions, but it failed to carry out the third direction.

63. First, Equitable sold $30,000 worth of securities from the 710 Account and transferred the proceeds to a bank account that was jointly owned by Kahn and Gordon in two separate tranches of $15,000 each.

64. Second, Gordon executed the required account agreements, and thereby became a joint owner of the 824 Account.

65. Contrary to Kahn's direction, Equitable never sold the securities in the 710 Account.

66. Kahn died on August 30, 2021.

67. Upon Kahn's death, Gordon and Jo Ann Weinstein became trustees of the Trust, and by operation of law became legal owners of whatever assets remained in the Trust.

68. In or about October 2021, Gordon met by telephone with Equitable's representative Galvin.

69. During the meeting, Equitable conceded that it had been directed to sell the securities in the 710 Account, that it was obligated to carry out that step, and that it had failed to do so.

## FIRST COUNTERCLAIM
### Negligence

70. Counterclaim-Plaintiff repeats and re-alleges paragraphs 46 through 69 as if fully set forth herein.

71. Equitable owed a duty of care to Kahn and to Gordon.

72. Equitable breached its duty of care by failing to sell the securities in the 710 Account and by failing to deliver the proceeds to Kahn and Gordon.

73. Equitable's breach of its duty of care caused damage to the Counterclaim-Plaintiff.

74. As a result of the foregoing negligent acts, Gordon has been damaged in an amount to be proven at trial.

## SECOND COUNTERCLAIM
### Breach of Contract

75. Counterclaim-Plaintiff repeats and re-alleges paragraphs 46 through 69 as if fully set forth herein.

76. Equitable was contractually obligated to its customers Kahn and Gordon to sell the securities in the 710 Account and to deliver the proceeds to Kahn and Gordon.

77. Equitable breached its contractual obligations to Gordon and Kahn, in their capacities as intended third-party beneficiaries, by failing to sell the securities in the 710 Account and to deliver the proceeds to Kahn and Gordon.

78. Equitable breached its contracts with Kahn and Gordon by failing to sell the securities in the 710 Account and by failing to deliver the proceeds to Kahn and Gordon.

79. As a result of the foregoing breaches of contract, Gordon has been damaged in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Christopher J. Gordon requests that judgment be entered as follows:

a) Declaring that the money and securities alleged in the Complaint are the property of defendant Gordon, and that his co-defendants have no interest therein, having been transferred before the death of Linda Kahn;

b) Directing the plaintiff to deliver the monies alleged in the complaint directly to defendant Gordon;

c) Denying plaintiff's request for discharge from liability;

d) Denying plaintiff's request for costs and attorneys' fees;

e) Awarding defendant Gordon his attorneys' fees and costs; and

f) With respect to the counterclaims, awarding him his actual damages, with interest;

g) With respect to the counterclaims, awarding him exemplary damages;

h) Awarding him his attorneys' fees and costs; and

i) Awarding such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Defendant / Counterclaim-Plaintiff demands a jury trial of all issues that can be tried by a jury.

Dated: New York, New York
July 20, 2022

                          ALBERT PLLC

                          /s/ Craig J. Albert
By: _____
                          Craig J. Albert
                          420 Lexington Avenue, Suite 1402
                          New York, New York 10170
                          (646) 790-5840

                          *Attorneys for Defendant*
                          *and Counterclaim-Plaintiff*
                          *Christopher J. Gordon*